IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY FRYE, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-25-0162 |
| LOGAN HAYES, | * | |
| Defendant. | *** | |

## MEMORANDUM OPINION

Plaintiff Timothy Frye, Jr., who is incarcerated at the Harford County Detention Center ("HCDC"), filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant Logan Hayes, Assistant State's Attorney, violated his constitutional rights by restricting his access to legal counsel during criminal proceedings in state court. (ECF No. 1.) Subsequently, Frye filed correspondence in further support of his Complaint. (ECF No. 6.) Frye also has motions pending to preserve records and to supplement his complaint with "certified legal evidence." (ECF Nos. 3, 5.) For the reasons discussed below, Frye's Complaint will be dismissed.

Frye filed his Complaint along with a motion to proceed in forma pauperis. (ECF No. 2.) As such, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A require the Court to conduct an initial screening of the complaint. The Court must dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020).

Frye alleges that Hayes "constructed a no contact 'order' that cut [his] communication off to" "any individuals." (ECF No. 1 at 2.) He alleges that, pursuant to that order, the Warden of the Harford County Detention Center blocked his use of all telephone numbers, including that of the

public defenders' office and paid attorneys. (*Id.* at 4.) Frye states "[t]his 'Order' by Logan Hayes was a trick & scheme to impair [his] defense and completely hamper [his] trial." *Id.* He also attached a copy of the relevant court order. (ECF No. 1-1.)

The relevant state court criminal case reflects that on August 14, 2024, Hayes filed a Petition to Modify Existing Pre-Trial Conditions ("Petition"), seeking that the court order "the Harford County Detention Center to take necessary steps to preclude the Defendant from having access to a phone or tablet, except for the purposes of contacting counsel." *State v. Frye*, Criminal Case No. C-12-CR-23-001271 (Cir. Ct. Harford Co.), available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last visited April 22, 2025).[1] The Petition lays out the events that lead to Hayes' request, including Frye's contacts with the victim and his prior violations of a no-contact order. *Id.* The Circuit Court granted the Petition.

> Warden Daniel Galbraith, through the staff of the Harford County Detention Center, is authorized and directed to preclude the Defendant from having access to a telephone, tablet, or other device which permits electronic or telephonic communications with any individual, with the exception that Defendant may be permitted to contact his counsel of record, David Fischer, at reasonable times and intervals.

*Id.*

In the pending action in this Court, Frye is seeking damages against Hayes for petitioning for and receiving the August 14, 2024 Order, which he alleges interfered with his ability to have a fair trial in his state court criminal case. (*See generally* ECF No. 1.) He also appears to believe

---

[1] At any stage of the proceeding, a court may take judicial notice of a fact "that is not subject to reasonable dispute" if it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R Evid. 201. "[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Corbitt v. Baltimore City Police Dep't*, 675 F. Supp. 3d 578, 586–87 (D. Md. 2023) (internal quotation marks and citation omitted).

that Hayes "constructed" the order and that the order was not one signed by the judge, but was "corruptly ordered" by Hayes. (*Id.* at 2; ECF No. 1-1 at 43.)

Hayes, as an Assistant State's Attorney, is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018). "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 479 (1991) (quoting *Imbler*, 424 U.S. at 430–31).

Here, Frye's allegations against Hayes focus solely on the Petition filed in the state court criminal proceedings seeking further restrictions on Frye's telephone and electronic access due to his attempts to violate a no contact order with the victim. The Petition Hayes filed was clearly a part of the judicial process and was directly related to Frye's contact with the victim in the criminal matter. As such, Hayes is immune from suit for damages.

By separate Order that follows, the Complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) for seeking monetary relief against a defendant who is immune from such relief. Frye's motion to preserve records and to supplement his complaint with "certified legal evidence" (ECF Nos. 3, 5), will be denied as moot.

DATED this 22 day of April, 2024.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

3