IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY FRYE, JR., | * | |
| Plaintiff, | * | |
| v. | * | CIV. NO. JKB-25-0162 |
| LOGAN HAYES, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

On April 22, 2025, the Court dismissed Plaintiff Timothy Frye, Jr.'s case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) for seeking monetary relief against a defendant who is immune from such relief. (ECF Nos. 7, 8.) On May 1, 2025, the Court received Frye's "Motion to (object) to the Court's Memorandum Opinion" which was docketed as a Motion for Reconsideration. (ECF No. 9.) Frye subsequently filed a Motion requesting leave to file late notice of claim under the Maryland Tort Claims Act (ECF No. 10), three Motions requesting leave to supplement his Complaint (ECF Nos. 11–13), and a Motion to Compel Rulings on the pending Motions (ECF No. 15). For the reasons that follow, Frye's pending Motions will be denied.

I. **Background**

Frye originally brought this action against one defendant, Assistant State's Attorney Logan Hayes. (ECF No. 1.) In his initial Complaint, Frye alleged that Hayes was responsible for the state court issuing a no contact order that cut off his communications with "any individual," including attorneys of record. (*Id.* at 2.) Frye further alleged that pursuant to that order, the Warden of the Harford County Detention Center prevented him from making any phone calls,

including to the public defender's office and paid attorneys. (*Id.* at 4.) Frye states that this order by Hayes was a "trick" to impair his defense and hamper his trial. (*Id.*) Frye sought damages for this conduct.

In dismissing the suit, the Court determined that Hayes was entitled to absolute immunity from damages because her actions were part of the judicial process and directly related to Frye's attempts to violate a no contact order with the victim. (ECF No. 7 at 3.) The Court reasoned that "[p]rosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" (*Id.* (citing *Burns v. Reed*, 500 U.S. 478, 479 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976))).)

Prior to dismissal of the Complaint, Frye filed a "Motion Requesting Leave to Supplement Complaint" with "certified legal evidence" but did not provide supplemental allegations or information. (ECF No. 5.) The Court then denied this Motion as moot when dismissing the Complaint due to Hayes' immunity. (ECF No. 8.) In his Motion for Reconsideration, Frye now attempts to expand his allegations against Hayes by filing proposed supplements to the Complaint. He states claims for retaliation under the First Amendment, deprivation of the right to present a defense under the Sixth and Fourteenth Amendments, and a Due Process claim for malfeasance at trial. (ECF No. 12-1 at 5–7.) As before, he seeks damages. (*Id.* at 11.) However, Frye also now states that he is seeking declaratory and injunctive relief. (*Id.*) Finally, he seeks to add the State of Maryland as a Defendant. (ECF Nos. 11–13.)

**II.   Analysis**

    **A. Legal Standards**

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). However, Rule 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Frye's Motion for Reconsideration was filed within 28 days of the Court's dismissal order (*see* ECF No. 9), so the Court will assess this Motion under Rule 59(e).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation and citation omitted). Under Rule 59(e), a court may amend an earlier judgment only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citations omitted). Importantly, however, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Id.* at 1082.

### B. Claims Against Hayes

Frye first seeks damages against Hayes. In his supplements, Frye alleges that Hayes took various actions that were beyond the scope of the state court's order restricting his contact with the victim. Frye states that Hayes did this by "personally instructing" the Warden of the Harford County Detention Center to put Frye in administrative segregation. (ECF Nos. 11 at 3; 13-1; 13-2 at 1.) Frye also objects to the state court order that restricted his contact with anyone other than his counsel of record, David Fischer, because this resulted in him not having "unfettered and unrestricted" access to Fischer. (ECF No. 11 at 4.) Frye also objects to Hayes' own contact with

3

a witness in the criminal case, stating that Hayes intimidated, coerced, and threatened to charge the witness with perjury if she testified on Frye's behalf. (*Id.* at 5–6; ECF No. 12-1 at 3–4.)

The supplements to the Complaint do not contain allegations that alter the Court's original conclusion that Hayes is entitled to absolute immunity from damages. (ECF No. 7 at 3.) Each of Frye's allegations pertains to actions taken by Hayes during the judicial phase of the criminal proceedings, including efforts made to stop Frye from violating the no-contact order issued in the state case. For the reasons previously stated (*see* ECF No. 7 at 3), Hayes is entitled to absolute immunity for these actions. Although Frye clearly objects to Hayes' professional conduct, this does not permit Frye to recover damages against Hayes in this federal action.

However, prosecutors are not entitled to absolute immunity from injunctive or declaratory relief. *Sup. Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736–37 (1980). Here, Frye asks the Court to declare that his rights were violated and to enjoin "further retaliation" against him by Hayes. (ECF No. 12-1 at 11.) He seems to seek this relief as part of Count I of his "Supplemental Complaint." (*Id.* at 5.) This Count alleges that Hayes purportedly threatened to charge Frye's wife with perjury if she testified on Frye's behalf. (*Id.*) Frye contends that this is retaliation against his First Amendment right to "exercise[e] legal redress" in the form of having his wife testify on his behalf. (*Id.* at 3.)

The Court need not reach the merits of this argument because Frye does not have standing to seek an injunction on this claim. To obtain an injunction, there must be a "certainly impending" threat of future injury. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013). But here, Frye has already pled guilty to the state court charges in the case where Hayes allegedly retaliated against him. *State v. Frye*, Criminal Case No. C-12-CR-24-000665 (Cir. Ct. Harford Co.), available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last visited October

24, 2025).[1] Even assuming that Hayes' prior actions constituted First Amendment retaliation, there is not a certainly impending threat that she will act this way in the future because, as far as the Court is aware, there are no criminal proceedings ongoing against Frye. As a result, Frye is not entitled to equitable relief on this claim.

### C. Claims Against State of Maryland

Frye's attempt to add the State of Maryland as a Defendant also fails. To sustain a claim under § 1983, Frye must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The State of Maryland is not a "person" subject to suit or liability under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 64 (1989). In addition, under the Eleventh Amendment, a state, including its agencies and departments, is immune from federal lawsuits brought by its citizens or the citizens of another state, absent consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Global Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998) ("Sovereign immunity deprives a court of jurisdiction to hear a case."). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Frye's federal claim for damages against the State of Maryland is barred by the Eleventh Amendment.

Finally, to the extent that Frye wishes to bring state law claims against the State of

---

[1] At any stage of the proceeding, a court may take judicial notice of a fact "that is not subject to reasonable dispute" if it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R Evid. 201. "[A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Corbitt v. Baltimore City Police Dep't*, 675 F. Supp. 3d 578, 586–87 (D. Md. 2023) (internal quotation marks and citation omitted).

5

Maryland, because all federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over any state law claims he attempts to raise. *See* 28 U.S.C. § 1367(c)(3).

### III. Conclusion

The Court concludes that Frye has presented no basis to reopen this case. The Motion for Reconsideration (ECF No. 9) will be denied as will Frye's subsequently filed Motions. A separate Order follows.

DATED this __28__ day of October, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge